FILED
United States Court of Appeals
Tenth Circuit

August 5, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AMERICAN PETROLEUM INSTITUTE,

    Petitioner - Appellant,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR; DAVID
BERNHARDT,[1] in his official capacity as
Secretary of the United States Department
of the Interior; OFFICE OF NATURAL
RESOURCES REVENUE; KIMBRA
DAVIS,[2] in her official capacity as
Director of the Office of Natural Resources
Revenue,

    Respondents - Appellees.

No. 18-8070
(D.C. No. 2:17-CV-00083-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MCHUGH**, and **EID**, Circuit Judges.
_____

In 2016, the Office of Natural Resources Revenue ("ONRR") promulgated a final

rule to amend the civil penalty regulations under the Federal Oil and Gas Royalty

---

[1] Pursuant to Federal Rule of Appellate Procedure 43, Secretary of the Interior David Bernhardt was substituted for former Secretary of the Interior Ryan Zinke.

[2] Pursuant to Federal Rule of Appellate Procedure 43, Director of the Office of Natural Resources Revenue Kimbra Davis was substituted for former Director Gregory Gould.

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Management Act ("FOGRMA").  Believing that ONRR's rule exceeded its statutory authority under FOGRMA, American Petroleum Institute ("API") filed a petition for review in district court, requesting that the rule be vacated.[3]  The district court vacated one challenged provision but rejected API's challenges to several other provisions.  On appeal, API contends that the district court erred by rejecting its challenge to four of those provisions.  We hold that API lacks standing to challenge ONRR's 2016 rule.  Accordingly, we vacate the district court's decision and remand for dismissal of API's petition for lack of jurisdiction.

## I.

The United States Department of the Interior ("DOI") offers leases to private entities to develop oil and gas reserves on public lands.  When DOI issues a lease, the federal government retains a royalty interest based on the value of the oil or gas produced by the lessee.  To ensure that lessees accurately report and pay the value of their oil and gas royalties under their respective leases, DOI relies on ONRR.  ONRR sets the amount of royalty payments based on reports that must be submitted regularly by the lessees.

Before 1982, there were concerns that the federal government's regulatory system did not adequately ensure that lessees accurately reported the value of their oil and gas production.  To address this perceived problem, Congress passed FOGRMA.

---

[3] API is a national trade association suing on behalf of its members who are entities involved in various aspects of the oil and natural gas industry.

FOGRMA established four levels of civil penalties for those who violated its provisions. 30 U.S.C. § 1719(a)–(d). The lowest tier, § 1719(a), authorizes penalties for violations of any provision of FOGRMA, any mineral leasing law, or the terms of any lease or permit. Under this section, lessees are given twenty days to cure violations after either self-reporting or receiving a formal Notice of Noncompliance.[4] After twenty days, § 1719(a) imposes penalties of up to $500 for each day that a violation continues. If the violation continues beyond forty days, then the next tier of liability, § 1719(b), imposes penalties of up to $5,000 per day.

The two highest levels of civil penalties punish violations that are committed "knowingly or willfully." *Id.* at § 1719(c)–(d). These levels of liability impose higher penalties without allowing any opportunity to cure. Section 1719(c) imposes fines of up to $10,000 per day for certain enumerated violations, and § 1719(d) imposes fines of up to $25,000 per day for the most serious offenses—including "knowingly or willfully. . . maintain[ing] . . . false, inaccurate, or misleading reports . . . ." Additionally, § 1720 authorizes criminal penalties for violations of § 1719(d).

In 2016, ONRR promulgated a final rule amending FOGRMA's civil penalty regulations. Relevant to API's appeal, the 2016 rule defined "knowingly or willfully" as well as "maintains false, inaccurate, or misleading information." 30 C.F.R. § 1241.3(b). The rule also clarified what types of evidence can be used to prove a knowing or willful

---

[4] A formal Notice of Noncompliance "identifies a violation, specifies the corrective action that must be taken, and establishes the deadline for such action to avoid a civil penalty." 30 C.F.R. § 1241.3(b).

violation, *id.* at § 1241.60(c), and how ONRR will determine the amount of a civil penalty, *id.* at § 1241.70(a)–(b).

Believing that ONRR's rule exceeded its statutory authority under FOGRMA, API filed a petition for review in district court on behalf of its members. The district court concluded that API had standing to challenge ONRR's 2016 amendments to FOGRMA based on API's assertion that its members may be subjected to higher penalties without a formal Notice of Noncompliance. *Am. Petroleum Inst. v. U.S. Dep't of the Interior*, 366 F. Supp. 3d 1292, 1299–1300 (D. Wyo. 2018). After reaching the merits, however, the district court rejected API's challenge to several of ONRR's amendments. *See id.* at 1302–11. API timely appealed the district court's rejection of API's challenge to four of those amendments.[5]

## II.

"Because standing is a question of law for the court to determine, we review the district court's determination of standing de novo." *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996).

---

[5] API appealed the district court's rulings related to (1) 30 C.F.R. § 1241.3(b)'s definition of "knowingly or willfully," (2) the evidence that may be used to show a "knowing or willful" violation, (3) § 1241.3(b)'s definition of "maintains," and (4) the constitutionality of § 1241.70(b)'s refusal to consider royalty impacts. *See id.* API did not appeal the district court's rejection of API's challenges to (1) the definition of "submits" in 30 C.F.R. § 1241.3(b), (2) § 1241.60(c), (3) § 1241.60(b)(1)(ii), and (4) the rule generally. API did succeed on one claim, causing the district court to vacate § 1241.11(b). ONRR has not filed a cross-appeal challenging that ruling. *See id.*

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (quotations omitted). To establish standing, a plaintiff must show three things: (1) injury in fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An organization has standing to sue on behalf of its members when the organization's members would otherwise have standing in their own right, the interests at stake are germane to the organization's purpose, and the participation of the individual members in the lawsuit is not required. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). The plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 561.

This case primarily concerns the injury-in-fact requirement. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Injury in fact may still exist where an individual is subject to only the threatened enforcement of a law as long as the circumstances "render the threatened enforcement sufficiently imminent." *Driehaus*, 573 U.S. at 158–59 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007) ("[W]e do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat.")). Pre-enforcement review is thus permitted

5

where the plaintiff alleges (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by" the challenged law, and (2) "there exists a credible threat of prosecution thereunder." *Driehaus*, 573 U.S. at 159.[6]

## III.

API lacks standing to challenge ONRR's 2016 amendments to FOGRMA because it has not demonstrated a sufficiently imminent threat of injury. First, API has failed to allege or provide evidence that any of its members are currently subject to any disciplinary action under FOGRMA as a result of ONRR's 2016 amendments. Second, API has failed to allege or provide evidence of any intention, on the part of its members, to engage in a course of conduct that could violate FOGRMA. Indeed, at oral argument, API admitted that its members "don't intend to violate any rule." Oral Argument at 3:18–24.

Still, API claims that it has standing because ONRR's 2016 rule may subject API's members to "much higher penalty liability without a [formal Notice of Noncompliance]." Reply Br. at 5. According to API, this will force its members to

---

[6] API appears to argue that the *Driehaus* rule applies only to suits challenging statutes and not those challenging regulations, but there is no basis for this distinction. Although the quoted language from *Driehaus* refers to conduct "proscribed by a statute," the opinion discusses pre-enforcement review of laws generally. *Driehaus*, 573 U.S. at 158–59. Recognizing this, multiple circuits have extended *Driehaus* to pre-enforcement suits against regulations. *See, e.g.*, *U.S. Telecom Ass'n v. Fed. Commc'ns Comm'n*, 825 F.3d 674, 740 (D.C. Cir. 2016) (altering *Driehaus* quote to "proscribed by [regulation]" and applying the rule in a regulatory context); *Kiser v. Reitz*, 765 F.3d 601, 608 (6th Cir. 2014).

decide "whether to comply with even informal ONRR communications regarding purported reporting errors." *Id.* at 4.  But API has not asserted that its members intend to engage in a course of conduct that would result in its noncompliance with informal ONRR communications.  Thus, API's claims amount to merely a "possib[ility of] future injury," which is insufficient to constitute an injury in fact.  *Clapper*, 568 U.S. at 409; *Driehaus*, 573 U.S. at 158 ("An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur.").

Furthermore, our conclusion that API lacks standing is not contradicted by API's assertion that violations of § 1719(c) and (d) will result in "swift and sure penalty imposition."  Reply Br. at 5 (quoting *Am. Petroleum Inst.*, 366 F. Supp. 3d at 1299–1300).  While this may show that "there exists a credible threat of prosecution" under the challenged law, it fails to show "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by" that challenged law.  *Driehaus*, 573 U.S. at 159.  Accordingly, because API has not demonstrated a sufficiently imminent threat of injury, API lacks standing to challenge ONRR's 2016 amendments to FOGRMA.

## IV.

API has failed to show that it has standing to challenge ONRR's 2016 amendments to FOGRMA.  We therefore VACATE the district court's decision and

7

REMAND for dismissal of API's petition for lack of jurisdiction.

Entered for the Court

Allison H. Eid
Circuit Judge